UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHANNON L. JONES *and*
RICHARD JONES,

        Plaintiffs,

v.                                          Case No. 8:21-cv-1612-KKM-TGW

ARBY'S RESTAURANT GROUP
INC., *d/b/a Arby's*, INSPIRE BRANDS,
INC., *a foreign corporation, and* SYBRA
LLC, *a Florida company*,

        Defendants.
_____/

## ORDER

Plaintiffs Shannon L. Jones and Richard Jones move to remand this action to state court. (Doc. 6.) They argue that Arby's Restaurant Group Inc., Inspire Brands, Inc., and Sybra LLC fail to establish that the amount in controversy exceeds $75,000. (Doc. 6).[1] Their arguments fail, and the Court denies their motion to remand.

### I.    BACKGROUND

On June 2, 2021, Shannon and Richard Jones filed suit in the Circuit Court of the Tenth Judicial Circuit, in and for Polk County, Florida, seeking damages of more than

---

[1] The parties do not dispute that diversity exists between them. (Doc. 6; Doc. 9.) The Court is also satisfied that diversity exists. (Doc. 1 at 2–3.)

$30,000. (Doc. 1-3 at 4.) The suit arose from a March 16, 2018 incident in which Shannon Jones tripped and fell in a hole in a parking lot. (*Id.* at 5.) The state court complaint alleges that Arby's owns the lot and that Inspire Brands and Sybra used and maintained it. (*Id.* at 5.) Shannon Jones brings negligence claims against Arby's, Inspire, and Sybra. (*Id.* at 5–9.) She alleges that she "suffered bodily injury and resulting pain and suffering, disfigurement, disability, mental anguish, loss of capacity for enjoyment of life, expenses of hospitalization, medical and nursing care and treatment and aggravation of any pre-existing injuries." (*Id.* at 9.) She further alleges that these "loses are either permanent or continuing in nature" and that she "will suffer losses in the future." (*Id.* at 9.) Richard Jones, Shannon's husband, brings a claim against all three Defendants for loss of consortium. (*Id.* at 7.) On July 6, 2021, Defendants filed a notice of removal under 28 U.S.C. § 1441, alleging diversity jurisdiction. (Doc. 1.) Shannon and Richard Jones now ask this Court to remand the suit to state court, asserting that Defendants have not provided sufficient evidence that the amount at issue in this action exceeds the jurisdictional amount of $75,000. (Doc. 6.)

II.   **LEGAL STANDARD**

United States district courts have diversity jurisdiction if the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* § 1332(a). A state court defendant may remove any case in which a federal district court would have had original jurisdiction. *See* § 1441(b). In removal cases, "the burden is on the party who sought

2

removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 (11th Cir. 2001). The removing party must show, by a preponderance of the evidence, that the amount in controversy is satisfied. *See id.* at 1281 n.5. A "removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). But a "conclusory allegation" that the amount in controversy is satisfied, "without setting forth the underlying facts supporting such an assertion, is insufficient to meet defendant's burden." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319–20 (11th Cir. 2001). In making a determination, a court may consider the documents that the defendant received from the plaintiff, along with the removal attachments. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014); *Pretka*, 608 F.3d at 755 ("[The] defendant may introduce affidavits, declarations, or other documents showing that the amount in controversy exceeds $75,000."). A court may draw reasonable deductions and inferences from these documents, using "judicial experience and common sense in determining whether the case stated in a complaint meets the federal jurisdictional requirements." *Roe v. Michelin N.A., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010).

III.   ANALYSIS

To prevent remand, Defendants must establish that the amount in controversy exceeds $75,000, providing "specific factual allegations establishing jurisdiction." *Pretka*,

3

608 F.3d at 754. Defendants have carried their burden.

Defendants put forward a pre-suit letter that Plaintiffs sent to Defendants asking for $250,508.10 to resolve their claims without litigation. (Doc. 6 at 7–10.) *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) ("While [a] settlement offer, by itself, may not be determinative, it counts for something."); *Walker v. Geico Gen. Ins. Co.*, No. 8:20-cv-2338-KKM-AAS, 2021 WL 825151, at *2 (M.D. Fla. March 4, 2021) (Mizelle, J.) (finding a demand letter competent evidence of the amount in controversy). As Defendants point out, "Plaintiffs calculate between $91,250.00 and $136,875.00 for future medical expenses, including a future surgery, and $120,450.00 for pain and suffering." (Doc. 9 at 5.) Plaintiffs' careful estimate of current and future medical expenses and pain and suffering damages allows this Court to determine that the amount in controversy exceeds $75,000 without relying on impermissible "conjecture, speculation, or star gazing." *Pretka*, 608 F.3d at 754.

Plaintiffs are correct that demand letters may "merely reflect puffing and posturing." *Boyd v. State Farm Mut. Auto. Ins. Co.*, No. 6:15-cv-1965-O-22TBS, 2015 WL 12838805, at *2 (M.D. Fla. Dec. 16, 2015) (Conway, J.) (citations omitted). Here, however, the letter "provides specific information to support the plaintiff's claim for damages." *Id.* The letter gives a precise list of Shannon Jones's current and projected medical expenses, including tables, exhibits, and doctors' recommendations for expensive

4

operations and treatments. Contrary to Plaintiffs' representations in their motion to remand, the letter does not read as mere puffery, but as a careful estimate of her actual and expected damages. (*See, e.g.*, Doc. 6 at 15 ("A fair and reasonable amount of pain and suffering damages for Shannon Jones would equate to $120,450. . . .").)

Defendants also put forward an email conversation between Plaintiffs' and Defendants' counsel in which Plaintiffs refused to stipulate to an amount in controversy below $75,000. Instead saying, "We think this case is more than $75,000 . . . ." (Doc. 9 at 6–7.) While a refusal to stipulate to an amount in controversy is not determinative, it may "be considered when assessing the amount in controversy." *White v. State Farm Mut. Auto. Ins. Co.*, 3:13-cv-765-J-99TLC-PDB, 2013 WL 6061890, at *6 (M.D. Fla. Nov. 18, 2013) (Corrigan, J.). Plaintiffs' refusal to stipulate lends additional credence to the demand letter's damages, revealing that Plaintiffs' calculations were made in earnest.

Defendants—utilizing Plaintiffs' own calculations and representations—have proved by a preponderance of the evidence that the amount at issue in this suit exceeds $75,000; Defendants have met their burden for removal purposes. Accordingly, Plaintiffs' motion for remand (Doc. 6.) is **DENIED**.

**ORDERED** in Tampa, Florida, on September 13, 2021.

Kathryn Kimball Mizelle
United States District Judge

5